# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC ANGELETTI** | **CIVIL ACTION** |
| **VERSUS** | |
| **GERALD LANE, ET AL.** | **NO.: 12-00503-BAJ-SCR** |

## RULING AND ORDER

Before the Court is **Plaintiff Eric Angeletti's Motion for Partial Summary Judgment (Doc. 57)**, filed by Plaintiff Eric Angeletti ("Angeletti"), seeking an order from this Court granting him summary judgment, pursuant to Federal Rule of Civil Procedure 56, and precluding Defendants Gerry Lane Enterprises, Inc. and Eric Lane[1] (collectively "Defendants") from asserting the *Faragher/Ellerth* affirmative defense.[2] Defendants oppose the motion. (Doc. 61.) Angeletti filed a reply memorandum. (Doc. 79.) Oral argument is not necessary. Jurisdiction is proper, pursuant to 28 U.S.C. § 1331. For the reasons stated herein, Angeletti's motion is **GRANTED IN PART** and **DENIED IN PART**.

I. Background

Angeletti filed this employment discrimination lawsuit pursuant to Title VII of

---

[1] Defendant Eric Lane is named as a Defendant in his capacity as the Representative of the Succession of Gerald R. Lane. (Doc. 49.)

[2] *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

the Civil rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII") and the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.* Angeletti alleges that Defendants discriminated against him on the basis of his race and/or national origin and sex, and constructively discharged him from his sales associate position at Gerry Lane Chevrolet in Baton Rouge, Louisiana. Specifically, Angeletti alleges that dealership owner, Gerald R. Lane, and others created a hostile work environment in which he was subjected to discriminatory comments, name-calling, abusive language, lewd comments and advances, and unwelcome physical contact. Angeletti further alleges that Defendants retaliated against him in response to his complaints of unlawful discrimination.

As to the instant motion, Angeletti seeks an order from this Court precluding Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid vicarious liability for the alleged bad acts of its supervisors who acted as the Company's proxy. Angeletti also contends that Defendants cannot point to sufficient evidence to establish either prong of the two-prong *Faragher/Ellerth* defense. Thus, Angeletti argues that Defendants must be precluded from asserting the defense.

In opposition, Defendants contend that there are genuine disputes of material fact as to both prongs of the *Faragher/Ellerth* defense. Defendants further contend that in hostile work environment actions, the reasonableness of the employer's actions is an issue for the jury. Thus, Defendants contend that Angeletti's motion for partial summary judgment must be denied.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure ("Rule") 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 323; *Liquid Air Corp.*, 37 F.3d at 1075.

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable

inferences in the non-movant's favor. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997). The court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the court must deny the motion for summary judgment. *International Shortstop, Inc.*, 939 F.2d at 1263.

## III. Analysis

The general rule is that an employer is automatically liable for its proxies' harassment of employees. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993). The *Faragher/Ellerth* defense protects an employer from vicarious liability in hostile work environment actions when no tangible employment action is taken against an employee. *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). *See also Casiano v. AT&T Corp.*, 213 F.3d 278, 284 (5th Cir. 2000) ("this is the employer's only affirmative defense in a supervisor sexual harassment case post *Faragher/Ellerth*, and it is available only in a hostile environment situation."). Under *Faragher/Ellerth*, an employer may avoid liability for its employees' actions by showing that "(a) that the employer exercised reasonable care to prevent and correct promptly any . . . harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524 U.S.

4

at 765; *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 383-84 (5th Cir. 2003). However, the *Faragher/Ellerth* defense is not available in all cases. An employer may not assert the defense in two situations when vicarious liability automatically applies: (1) when the harassing supervisor is "indisputably within that class of an employer organization's officials who may be treated as the organization's proxy," or (2) "when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." *Ackel*, 339 F.3d at 383-84 (internal citations and quotation marks omitted).

As an initial matter, the Court notes that Defendants do not oppose Angeletti's motion as it relates to the alleged acts of Gerald R. Lane.[3] Indeed, Defendants concede that they are precluded from asserting the *Faragher/Ellerth* defense in response to Angeletti's allegations regarding the acts of Gerald R. Lane because he was a proxy for the Company. (Doc. 61, p. 15); *see also Ackel*, 339 F.3d at 383-84. Accordingly, Angeletti's request that the Court preclude Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid vicarious liability for the alleged acts of Gerald R. Lane is **GRANTED**.

---

[3] As noted above, Defendant Gerald R. Lane was terminated as a Defendant following his death. (Doc. 49.) Eric Lane is now named as a Defendant in his capacity as the Representative of the Succession of Gerald R. Lane. (Doc. 49.)

Angeletti's Original Complaint and First Amended Complaint[4] allege Gerald R. Lane and his "personal assistant Wayne Garafolo" constantly harassed Angeletti. (Doc. 1, ¶¶ 13-15; Doc. 6, ¶¶ 13, 16-18.) Angeletti further alleges that after he "gave defendants written notice to cease and desist the persistent intentional discrimination based upon race and sex or he would file suit," Gerald R. Lane and Sales Manager Cedric Patton ("Patton") retaliated against and constantly harassed him. (Doc. 1, ¶¶ 18-20; Doc. 6, ¶¶ 22-24.)

In support of the instant motion, Angeletti does *not* argue that Defendants may not assert the *Faragher/Ellerth* defense in response to Angeletti's allegations regarding the acts of Garafolo and Patton. Rather, Angeletti argues that Defendants cannot prove either prong of the two-prong *Faragher/Ellerth* defense. Accordingly, Angeletti contends that Defendants are precluded from asserting the defense in an attempt to avoid liability for Garafolo and Patton's actions.

As such, the only remaining issue for the Court is whether Defendants have pointed to sufficient evidence in the record to create a genuine dispute of material fact as to whether: (1) Defendants exercised reasonable care to prevent and correct promptly any discriminatory or sexually harassing behavior; and (2) Angeletti unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants.

---

[4] Angeletti originally filed this lawsuit along with ten other employees or former employees of Gerry Lane Enterprises, Inc. (Doc. 1.) Subsequently, the Court issued an order requiring the Clerk of Court to sever the claims into eleven separate lawsuits, and requiring each plaintiff to file an amended complaint. (Doc. 4.) Accordingly, Angeletti filed his First Amended Complaint on September 11, 2012. (Doc. 6.)

6

It is well established that the *Faragher/Ellerth* defense is a conjunctive, two-prong defense. *Giddens v. Cmty. Educ. Ctrs., Inc.*, 540 Fed. Appx. 381, 388 (5th Cir. 2013) ("once an employee has established all four elements [of a hostile work environment claim], the employer is liable unless the employer proves both prongs of the *Faragher/Ellerth* defense"); *Donaldson v. CDB, Inc.*, 335 Fed. Appx. 494, 505 (5th Cir. 2009) ("the *Ellerth/Faragher* defense being conjunctive, the employer bears the burden on both elements."); *Indest v. Freeman Decorating, Inc.*, 168 F.3d 795, 796 (5th Cir. 1999) ("Under the *Ellerth/Faragher* rubric, an employer is vicariously liable for a supervisor's actionable hostile environment sexual harassment of an employee unless the employer can prove *both* elements of the one and only affirmative defense now permitted by the Court.") (emphasis in original). Thus, if Defendants fail to point to sufficient evidence in the record to create a genuine dispute of material fact as to one prong of the *Faragher/Ellerth* defense, summary judgment must be granted.

Generally, an employer may satisfy the first prong of the *Faragher/Ellerth* defense by demonstrating it has a harassment policy which it promulgated to employees and properly implemented and that, if an employee makes a complaint under that policy, the employer conducts a prompt investigation.[5] *Johnson v. Hosp.*

---

[5] As the Supreme Court noted in *Ellerth*, "[w]hile proof that an employer had promulgated an anti-harassment policy with complaint procedure is not necessary in every instance as a matter of law, the need for a stated policy suitable to the employment circumstances may appropriately be addressed in any case when litigating the first element of the defense." *Id.* at 463 (quoting *Ellerth*, 524 U.S. at 765). Thus, courts in the Fifth Circuit look to an employer's policies and programs in determining whether it took reasonable measures to prevent discriminatory behavior. *Id.* at 463 (citing *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 437-39 (5th Cir. 2005); *Hockman v. Westward Commc'ns, L.L.C.*, 407 F.3d 317, 329-30 (5th Cir. 2004)).

*Corp. of Am.*, 767 F. Supp. 2d 678, 717 (W.D. La. 2011) (citing *Williams v. Admin. Review Bd.*, 376 F.3d 471, 478-79 (5th Cir. 2004); *Wyatt v. Hunt Plywood Co.*, Inc., 297 F.3d 405, 410, 413 (5th Cir.2002)). *See also EEOC v. Boh Bros. Constr. Co., L.L.C.*, 731 F.3d 444, 462-463 (5th Cir. 2013) ("An employer can satisfy the first prong of the *Faragher/Ellerth* defense by implementing suitable institutional policies and educational programs regarding sexual harassment.").

Here, Angeletti does not dispute that Defendants had a harassment policy. Rather, Angeletti argues that there is no genuine dispute of material fact that Defendants' did not have an effective harassment policy. Specifically, Angeletti contends that Defendants failed to implement the Company's policy. In support of his argument, Angeletti points to the deposition testimony of acting President and majority owner of Defendant Gerry Lane Enterprises, Inc., Eric Lane ("Lane"), in which Lane testified that the harassment policy was not implemented at the time of the events in question. (Doc. 58, pp. 24-25.)

Alternatively, Angeletti argues that, even if Defendants did implement the harassment policy, the policy was ineffective because it did not include certain provisions and because employees did not receive adequate training on the policy. In support of his argument, Angeletti points to the deposition testimony of Patton and Sales Manager Reynold Ankeny ("Ankeny"), in which both managers testified that they did not receive training on harassment in the workplace. (Doc. 58-2, p. 2; Doc. 58-1, pp. 16-17.) Angeletti also points to the deposition testimony of Sales Manager Cecil Overstreet ("Overstreet"), in which Overstreet testified that he did not read the

8

harassment policy or facilitate training on harassment in the workplace; nor did he receive training on harassment in the workplace until after Angeletti's lawsuit was filed. (Doc. 57-4, pp. 7, 10-11.)

In opposition, Defendants point to evidence that the Company's "Non-Harassment Policy" was in effect at the time of the events in question. Specifically, Defendants point to the July 2013 deposition testimony of Ankeny, in which Ankeny testified that "this policy and procedure [has] been out for four or five years." (Doc. 61-10, p. 14.) Defendants also point to Terry Bell's ("Bell") Rule 30(b)(6) deposition, during which Bell testified that the policy was in place in 2012. (Doc. 61-5, p. 6.) Defendants further contend that the harassment policy was widely disseminated to all employees. In support of this argument, Defendants point to the testimony of Cindy Brown ("Brown"). (Doc. 61-6.) However, a review of the excerpt provided by Defendants does not reveal any testimony by Brown regarding the dissemination of Defendants' harassment policy. Defendants also contend that the Company's harassment policy was included in the orientation materials given to all employees, including Angeletti, at the time of hire. In support of this argument, Defendants point to Angeletti's sworn testimony, in which he testified that he signed a form acknowledging his receipt of the policy when he was hired. (Doc. 61-3, pp. 6-7.) *See also* Doc. 61-4. In response to Angeletti's contention that employees did not receive or facilitate training on the policy, Defendants point to Bell's Rule 30(b)(6) deposition, during which Bell testified that Defendants provided training on harassment issues in 2008. (Doc. 61-5, p. 4.) Finally, Defendants contend that whether the policy

provisions were adequate is a question for the jury that should not be decided on summary judgment.

As noted by the United States Court of Appeals for the Fifth Circuit, "[t]he mere adoption of a policy is insufficient; the policy must also be shown to have been effective." *EEOC v. Rock-Tenn Servs. Co.*, 901 F. Supp. 2d 810, 828 (N.D. Tex. 2012) (citing *Clark v. UPS*, 400 F.3d 341, 349 (6th Cir. 2005) ("Prong one of the affirmative defense requires an inquiry that looks behind the face of a policy to determine whether the policy was effective in practice in reasonably preventing and correcting any harassing behavior.")). However, viewing the facts in the light most favorable to the non-movant and drawing all reasonable inferences in the non-movant's favor, the Court finds that Defendants have pointed to sufficient evidence in the record to create a genuine dispute of material fact as to whether Defendants' harassment policy was effective, and thus, whether Defendants exercised reasonable care to prevent and correct promptly any discriminatory or sexually harassing behavior.

With respect to the second element of the *Faragher/Ellerth* defense, the Supreme Court in *Faragher* recognized the duty imposed on an employee is a serious one. He is "to use such means as are reasonable under the circumstances to avoid or minimize the damages." *See Faragher*, 524 U.S. at 806 (quoting *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 n.15 (1982)). Thus, if an employer has provided an effective mechanism for reporting and resolving complaints of sexual harassment, and an employee unreasonably fails to avail himself of it, he is simply not permitted to recover damages. *Id.* at 806-07; *Ellerth*, 524 U.S. at 765.

As noted above, Defendants are precluded from asserting the *Faragher/Ellerth* defense in response to Angeletti's allegations regarding the acts of Gerald R. Lane. Thus, the only remaining issue is whether Defendants are precluded from asserting the defense in an attempt to avoid liability for Garafolo and Patton's alleged conduct. Accordingly, to prevail, Angeletti must establish that there is no genuine dispute of material fact that he reported the harassment by Garafolo and Patton.

In opposition, Defendants submitted a document entitled, "Selected Policies and Procedures March 1, 2006."[6] (Doc. 61-4, p. 1.) Included in the "Selected Policies and Procedures" is Defendants' "Non-Harassment Policy," which states:

> The Company will take all reasonable steps to prevent harassment from occurring and will take immediate and appropriate action when The Company knows that unlawful harassment has occurred. . . . If a co-worker has harassed you, a supervisor, an agent, a vendor, or a customer you should promptly report the facts of the incident or incidents, and names of the individuals involved as advised in the above Open Door Policy. . . .

(Doc. 61-4, pp. 2-3.) Also included in the "Selected Policies and Procedures" is Defendants' "Open Door Policy," which states:

> . . . You are encouraged to see your immediate supervisor with suggestions, questions or problems relating to your job. You can contact your supervisory, any member of management with whom you feel comfortable discussing your concerns, or Mr. Eddy Vargas at 225-806-9553 or Mr. Terry Bell at 225-297-5377. . . .

(Doc. 61-4, p. 1.)

---

[6] The last three pages of the document include three acknowledgment statements, signed by Angeletti and dated January 6, 2010. (Doc. 61-4, pp. 4-6.)

11

In support of the motion, Angeletti contends that he reported Gerald R. Lane's conduct to his supervisors. However, as noted above, whether Angeletti reported Gerald R. Lane's alleged conduct is not at issue.

Angeletti fails to point to any evidence in the record to establish that he reported Patton's alleged conduct. As it relates to Garafolo, Angeletti points to the "written notice of intent to sue" sent by Angeletti, through counsel, to Defendants on April 20, 2012.[7] (Doc. 58-5.) Angeletti also points to Ankeny's deposition testimony, in which Ankeny testified that Garafola's conduct towards employees violated the harassment policy, that he "brought up" Garafola's conduct to unknown managers "at times," but that he did not report Garafola's conduct to the human resources manager or Gerald R. Lane. (Doc. 58-1, pp. 10-11.) However, Ankeny's testimony does not establish that *Angeletti* reported Garafola's alleged conduct to Ankeny or any other supervisory employee.

In opposition, Defendants argue that Angeletti never complained of sexual harassment by Garafola, and that Angeletti's April 20, 2012 "written notice of intent to sue" and April 2012 Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination were the first notice the Company received of Angeletti's claims. In support of this argument, Defendants point to Bell's Rule 30(b)(6) deposition, during which Bell testified that managers have a duty to report all complaints to him, and

---

[7] According to Angeletti's Complaint, he was constructively discharged and filed an Amended EEOC Charge of Discrimination on June 21, 2012. (Doc. 6, p. 6; Doc. 6-1, p. 2.)

that he never received a complaint regarding Garafola's conduct. (Doc. 61-5, pp. 12-13.)

Angeletti has failed to point to any evidence in the record to establish that he reported Patton's alleged conduct, and thus, failed to meet his burden of proof under Rule 56. As it relates to Garafolo, viewing the facts in the light most favorable to the non-movant and drawing all reasonable inferences in the non-movant's favor, the Court concludes that Defendants have pointed to sufficient evidence in the record to create a genuine dispute of material fact as to whether Angeletti reported Garafola's alleged conduct. Accordingly, the Court concludes that there is a genuine dispute of material fact as to whether Angeletti reasonably took advantage of any preventive or corrective opportunities provided by Defendants.

Because the Court concludes that Defendants have pointed to sufficient evidence to create genuine disputes of material fact as to prongs one and two of the two-prong *Faragher/Ellerth* defense, Angeletti's request that Defendants be precluded from asserting the *Faragher/Ellerth* defense in an attempt to avoid liability for Garafolo and Patton's alleged actions must be **DENIED**.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff Eric Angeletti's Motion for Partial Summary Judgment (Doc. 57) is GRANTED IN PART and DENIED IN PART**.

- Angeletti's request that the Defendants be precluded from asserting the *Faragher/Ellerth* defense in an attempt to avoid liability for Gerald R. Lane's actions is **GRANTED**. Accordingly, Defendants are

13

> **PRECLUDED** from asserting the *Faragher/Ellerth* defense in response to Angeletti's allegations regarding the acts of Gerald R. Lane.

- Angeletti's request that the Defendants be precluded from asserting the *Faragher/Ellerth* defense in an attempt to avoid liability for Wayne Garafolo and Cedric Patton's actions is **DENIED**.

Baton Rouge, Louisiana, this 4th day of September, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**