UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC ANGELETTI                                                 CIVIL ACTION

VERSUS

GERALD LANE, ET AL.                                NO.: 12-00503-BAJ-SCR

## RULING AND ORDER

On October 6, 2014, the undersigned held a hearing, during which the Court heard oral argument on the pending motions in limine. (Doc. 122.) After considering the arguments presented by counsel for both parties, the Court issued rulings from the bench on several of the pending motions in limine, and took under advisement several outstanding requests. After further consideration, the Court issues the following rulings:

    A.      **Defendants' Motions in Limine (Doc. 85)**

           1.      **Defendants' Financial Statements**

District courts in this circuit have consistently held that "evidence of a defendant's financial worth is relevant, discoverable, and admissible at trial to evaluate a plaintiff's punitive damages claim." *See, e.g.*, *Wright v. Weaver*, No. 4:07-cv-369, 2009 U.S. Dist. LEXIS 117918, at *12 (E.D. Tex. Dec. 17, 2009); *Ferko v. NASCAR*, 218 F.R.D. 125, 137 (E.D. Tex. 2003) (citing cases). Under Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII"), the maximum combined

compensatory and punitive damage award available is $300,000.00.[1]  42 U.S.C. § 1981a(b)(3).  In contrast, compensatory and punitive damages awarded under 42 U.S.C. § 1981 are not limited under statute.  *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 851 (2001).

However, here, Gerry Lane Buick-GMC, LLC, Gerry Lane Imports, LLC, and Gerry Lane Automotive, LLC are *not* parties to the litigation.  Rather, the only remaining Defendants are Gerry Lane Enterprises, Inc. and Eric Lane.[2]  Accordingly, information regarding the financial worth of Gerry Lane Buick-GMC, LLC, Gerry Lane Imports, LLC, or Gerry Lane Automotive, LLC is irrelevant.

Further, an *in camera* review of the documents reveals that the unconsolidated financial statements include the value Gerry Lane Enterprises, Inc.'s investments in Gerry Lane Buick-GMC, LLC, Gerry Lane Imports, LLC, and Gerry Lane Automotive, LLC; identify Gerry Lane Enterprises, Inc.'s investments in Gerry Lane Buick-GMC, LLC, Gerry Lane Imports, LLC, and Gerry Lane Automotive, LLC as individual "assets"; and include the "other income" generated as a result of Gerry Lane Enterprises, Inc.'s investments in Gerry Lane Buick-GMC, LLC and Gerry Lane Automotive, LLC.  Accordingly, the Court concludes that the unconsolidated financial statements provide sufficient information regarding Gerry Lane Enterprises, Inc.'s

---

[1] It is unclear from the record how many employees Gerry Lane Enterprises, Inc. employed in each of twenty or more calendar weeks in the current or proceeding calender year.  *See*  42 U.S.C. § 1981a(b)(3).  However, under Title VII, the maximum amount Angeletti may recover is $300,000.00.  42 U.S.C. § 1981a(b)(3).

[2] Defendant Eric Lane is named as a Defendant in his capacity as the Representative of the Succession of Gerald R. Lane, who died in May 2013  (Docs. 45, 49.)

financial worth.

As such, Defendants' request that Plaintiff Eric Angeletti ("Angeletti") be prohibited from introducing Defendants' consolidated financial statements is **GRANTED**.

### 2. Angeletti's EEOC File

During the hearing on the matter, the Court ordered counsel for Angeletti to submit those portions of Angeletti's EEOC file that remain in dispute no later than 5:00 p.m. on October 7, 2014. (Doc. 122.) Counsel for Angeletti elected not to supply such documents to the Court by the deadline. Accordingly, the Court concludes that this issue has been resolved by the parties. As such, Defendants' request that Angeletti be prohibited from introducing his EEOC file is **DENIED AS MOOT**.

### 3. Whether Angeletti Properly Pled a Claim for Relief Under 42 U.S.C. § 1981

During the hearing on the matter, the Court ordered counsel for both parties to submit supplemental memoranda regarding whether Angeletti properly pled a claim for relief under 42 U.S.C. § 1981 ("Section 1981"). After a careful review of the parties' supplemental memoranda (Docs. 124, 125), Angeletti's Amended Complaint (Doc. 6), and the record in this matter, the Court concludes that Angeletti properly pled a claim under Section 1981.

Defendants contend that Angeletti sought damages under 42 U.S.C. § 1981a *only*, and did not allege a claim under 42 U.S.C. § 1981. However, a review of Angeletti's Amended Complaint reveals multiple allegations based on subsection (a)

3

of Section 1981. (Doc. 6, ¶¶ 4, 26, 36.) Indeed, the United States Court of Appeals for the Fifth Circuit has repeatedly analyzed claims under Section 1981 when, as here, the plaintiff's complaint sought relief under 42 U.S.C. § 1981(a). *See, e.g.*, *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004).

The Court also rejects Defendants' contention that Angeletti waived his Section 1981 claim in his memorandum in opposition to Defendants' motion for summary judgment. As conceded by counsel for Defendants during the hearing on the matter, Defendants' motion for summary judgment did *not* address, let alone request that the Court dismiss, Angeletti's Section 1981 claim. Thus, Angeletti was not required to address such claim in his memorandum in opposition.

Alternatively, Defendants contend that Angeletti waived any Section 1981 claim against Gerald R. Lane[3] *in his individual capacity* when he failed to oppose Defendants' request that the Court dismiss Angeletti's claims "under Title VII or Louisiana law . . . against any entity or individual - other than his employer . . . ." (Doc. 68-1, p. 7.) However, Defendants' motion for summary did *not* address, let alone request that the Court dismiss, Angeletti's Section 1981 claim against Gerald R. Lane *in his individual capacity*. Thus, Angeletti was not required to address such claim in his memorandum in opposition. Further, it is clear from the Court's Ruling and Order (Doc. 104), that the Court's ruling only relates to Angeletti's claims under Title VII and the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq*.

---

[3] As noted above, Defendant Eric Lane is named as a Defendant in his capacity as the Representative of the Succession of Gerald R. Lane. (Docs. 45, 49.)

Defendants' contention that Angeletti waived any Section 1981 claim against Gerald R. Lane *in his individual capacity* in the parties' pretrial order is also unavailing. Indeed, a review of the parties' pretrial order reveals Angeletti's submission that "this is an action for employment discrimination . . . under . . . 42 U.S.C. § 1981 . . ." (Doc. 77, p. 1.) As it relates to abandoned claims, Angeletti states "Plaintiff abandoned his claims against Gerald R. Lane individually for Title VII" *only*. (Doc. 77, p. 6.) Thus, it cannot be said that Angeletti waived any Section 1981 claim against Gerald R. Lane *in his individual capacity* in the parties' pretrial order.

In sum, the Court finds that Angeletti properly pled a claim for relief under Section 1981. Accordingly, Defendants' request that the Court prohibit Angeletti from asserting claims under Section 1981, or introducing evidence in support thereof, is **DENIED**.

### B. Angeletti's Motion in Limine to Exclude Evidence (Doc. 89)

After further consideration, the Court concludes that the probative value of any evidence regarding the altercation between Angeletti and his wife is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The Court further notes that Defendants failed to present any evidence that Angeletti violated any laws or company policies, or that he was arrested as a result of the incident. Indeed, Defendants' concede that Angeletti was not terminated or disciplined in any way for his role in the incident. (Doc. 95, p.1.) Accordingly, **Angeletti's Motion in Limine to Exclude Evidence (Doc. 89) is GRANTED**.

C.  **Angeletti's Motion in Limine to Exclude Video Portion of Deposition and Objectionable Portions of Audio Transcript (Doc. 90)**

During the hearing on the matter, the Court took under advisement requests from each party that opposing counsel be prohibited from introducing certain portions of Gerald R. Lane's deposition. After further consideration of Gerald R. Lane's deposition testimony, counsels' arguments during the hearing, the parties original and supplemental submissions to the Court, the Federal Rules of Evidence, and relevant case law, the Court orders as follows:

1. **Page 65, line 14 through Page 66, line 21**: Defendants' request that Angeletti be prohibited from introducing this portion of Gerald R. Lane's deposition is **DENIED**.

2. **Page 68, lines 18-21**: Defendants' request that Angeletti be prohibited from introducing this portion of Gerald R. Lane's deposition is **DENIED**.

3. **Page 71, line 14 through Page 72:9**: For the first time in their supplemental memorandum to the Court (Doc. 128), Defendants request the Court prohibit Angeletti from introducing this portion of Gerald R. Lane's deposition. Such request is untimely. As such, Defendants' request that Angeletti be prohibited from introducing this portion of Gerald R. Lane's deposition is **DENIED**.

4. **Page 74, lines 3-7**: Defendants' request that Angeletti be prohibited from introducing this portion of Gerald R. Lane's deposition is **DENIED**.

5. **Page 87, lines 1-25**: Defendants' request that Angeletti be prohibited from introducing this portion of Gerald R. Lane's deposition is **GRANTED**.

6. **Page 88, lines 3-8**: Defendants' request that Angeletti be prohibited from introducing this portion of Gerald R. Lane's deposition is **DENIED**.

7. **Page 88, lines 15-25; Page 89, lines 3-25**: Defendants' request that Angeletti be prohibited from introducing this portion of Gerald R. Lane's deposition is **DENIED**.

8. **Page 89, lines 1-2**: Defendants' request that Angeletti be prohibited from introducing this portion of Gerald R. Lane's deposition is **DENIED**.

9. **Page 90, lines 1-9**: Defendants' request that Angeletti be prohibited from introducing this portion of Gerald R. Lane's deposition is **GRANTED IN PART** and **DENIED IN PART**. Angeletti shall be permitted to introduce this portion of the deposition testimony, *with the exception of line 9*.

10. **Page 123, lines 9-17**: Angeletti's request that Defendants be prohibited from introducing this portion of Gerald R. Lane's deposition is **DENIED**.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 9th day of October, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**